UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JIBOLA OJO,<br><br>                    Plaintiff,<br><br>        -against-<br><br>MARION COUNTY SMALL CLAIMS COURT,<br><br>                    Defendant. | 25-CV-4164 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action alleging that his rights were violated in connection with proceedings in the Marion County Small Claims Court in Indianapolis, Indiana. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the Southern District of Indiana.

## BACKGROUND

Plaintiff, who currently resides in Brooklyn, New York, brings this action asserting claims arising from his eviction from an apartment located in Indianapolis, Indiana. In his complaint, which was completed using a court-issued form, he responds to a question regarding the basis for federal court jurisdiction by stating, "civil rights[,] [r]acism[,] sabotage[,] and theft[.]"[1] (ECF 1, at 2.) According to Plaintiff, the Marion County Small Claims Court "sent" the "Police Authority" to evict him. (*Id.*) Plaintiff seeks $1 million in damages and a new vehicle. (*Id.* at 6.)

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

---

[1] Plaintiff does not specify the basis for the Court's jurisdiction of this matter or which of his federal civil rights were violated.

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Because Plaintiff filed this action regarding events occurring in Indianapolis, Indiana, where Defendant is located, from the face of the complaint, it is clear that venue is not proper in this court under Section 1391(b)(1), (2). Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Marion County, Indiana, which is located in the Southern District of Indiana. *See* 28 U.S.C. § 94(b)(2). Accordingly, venue lies in the Southern District of Indiana. *See* 28 U.S.C. § 1391(b)(2). In the interest of justice, the Court transfers this matter to the United States District Court for the Southern District of Indiana, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Southern District of Indiana. *See* 28 U.S.C. § 1406(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this case in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: May 21, 2025
       New York, New York

                                           /s/ Laura Taylor Swain
                                           LAURA TAYLOR SWAIN
                                           Chief United States District Judge